UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GREGORY A. JONES, | : | |
| | : | Civil Action No. 20-10760 (KM) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

Petitioner Gregory A. Jones, a federal prisoner at FCI Allenwood in White Deer, Pennsylvania, moves for the second time for appointment of counsel in connection with his motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. DE 10. I denied Jones's first request (DE 2), finding it premature because the Government had not yet answered Jones's motion to vacate, and the Court had not determined whether to conduct an evidentiary hearing (DE 6 at 2). The Government has since filed an answer. DE 9.

Jones's second request argues that he is indigent; the papers attached to the Government's answer are voluminous and complex; his advanced age hinders his ability to review the papers on his own; and he has little knowledge of the law and legal research. DE 10 at 1–2. When he filed his request, Jones had limited law library access due to FCI Allenwood's COVID-19 lockdown. *Id*. Having reviewed the Government's answer and the exhibits attached thereto, for the reasons below, the request is denied.

Generally, a habeas petitioner has no constitutional or statutory right to appointment of counsel. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded by statute on other grounds*, 28 U.S.C. § 2254. However, courts may appoint counsel to habeas petitioners if they are "financially eligible" and if "the interests of justice so require." 18 U.S.C. §

3006A(a)(2)(B). In making this determination, the Third Circuit has provided the following guidance:

> [T]he district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims. Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, or the issues were straightforward and capable of resolution on the record or the petitioner had a good understanding of the issues and the ability to present forcefully and coherently his contentions.

*Reese*, 946 F.2d at 263–64 (citations and quotations omitted).

Here, without reaching the merits of Jones's claims, the Court observes that the issues presented are not particularly complex. Jones presented a detailed and coherent petition for relief that adequately presented his claims and the relief sought. DE 4. He demonstrated a good understanding of the issues and the ability to present his arguments forcefully and articulately. Further, while the Government's answer may contain many pages—approximately 350—the substance is not particularly complex. DE 9. Indeed, Jones should already be familiar with the content of the exhibits, which are primarily transcripts from the underlying criminal matter (DE 9-1, 9-2) and an excerpt from the Government's sentencing submission. DE 9-4. Consequently, I find that it would be premature to appoint counsel before Jones has replied to the Government's answer and the Court has determined whether to conduct an evidentiary hearing. Jones will be provided additional time to prepare a reply, if any, to the Government's submission. Further, if Jones continues to have limited access to the law library due to FCI Allenwood's COVID-19 lockdown or other reasons, he may request an extension of time to submit his reply should he need it.

Accordingly, **IT IS** this 20th day of December, 2022,

**ORDERED** that Jones's request for the appointment of counsel (DE 10) is DENIED WITHOUT PREJUDICE; and it is further

**ORDERED** that if Jones intends to file a reply to the Government's answer to his motion to vacate (DE 9), he must do so within 45 days of the date of this Order, i.e., by February 3, 2023; and it is further

**ORDERED** that if Jones does not intend to file a reply, he must inform the Court of his intention by February 3, 2023; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Jones by regular U.S. Mail.

/s/ Kevin McNulty

KEVIN MCNULTY
United States District Judge